**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4774

KEVIN D. TINSLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-93-266)

Argued: April 8, 1999

Decided: September 3, 1999

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston,
West Virginia, for Appellant. John J. Frail, Assistant United States
Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:**
Rebecca A. Betts, United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin D. Tinsley ("Tinsley") appeals from an order revoking his term of supervised release and imposing a revocation sentence of twenty-four months imprisonment. The district court found that Tinsley violated a condition of his supervised release when he was expelled from a halfway house known as Bannum Place.

Bannum Place expelled Tinsley for his repeated violations of the facility's rules of conduct. At a revocation hearing before the district court, the director of Bannum Place described these violations, which included Tinsley's verbal abuse of facility staff and his failure to remain employed, his failure to attend drug treatment aftercare meetings, and his failure to abide by the Bannum Place curfew.

On appeal Tinsley does not dispute the state's evidence of these violations; he claims only that he was denied due process when Bannum Place did not afford him a pre-discharge hearing. The facility's director testified that Bannum Place holds such hearings only to satisfy Bureau of Prisons regulations. Because the court, not the Bureau of Prisons, originally sent Tinsley to Bannum Place, the director concluded that no pre-discharge hearing was required in Tinsley's case.

To the contrary, evidence in the record tends to support Tinsley's claim that the facility has promised all Bannum Place residents a pre-discharge hearing. Yet in Tinsley's case any procedural defect created by the failure of Bannum Place to conduct such a hearing is of no constitutional significance.

Constitutional due process requires that prior to revocation of his supervised release, Tinsley must have received the following: advance notice of the disciplinary charges; a hearing with the opportunity to call witnesses and present evidence; and a written statement

2

of the factfinder's basis for imposing disciplinary action. <u>See</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972) (articulating the minimum due process requirements for revocation of parole). <u>See also</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-567 (1974) (establishing minimum due process standards for the revocation of good-time credits).*

Tinsley received all of the process that he was due under the circumstances. The record indicates that Bannum Place staff placed Tinsley on notice that he could be discharged for repeated violations and provided him with advance notice of his discharge on the day it occurred. In his summons to district court for a revocation hearing Tinsley was given notice of the specific charge against him -- namely, that he had been expelled from Bannum Place and was therefore in violation of a term of his supervised release.

At the revocation hearing the district court provided Tinsley with an opportunity to contest the basis for his discharge, to present evidence on his own behalf, and to cross-examine the director of Bannum Place, who had testified for the state. The transcript of this hearing contains a written explanation of the evidence upon which the district court relied and the basis for the court's revocation of Tinsley's supervised release. This written record was sufficient to allow Tinsley to prepare an appeal of the court's decision.

Finding no due process violation in this case, we affirm the decision of the district court.

<u>AFFIRMED</u>

_____

*Whether revocation of Tinsley's supervised release is analogized to the revocation of parole in <u>Morrissey</u> or to the revocation of good-time credits in <u>Wolf</u>, the result is the same: under either test, Tinsley received adequate due process.